IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER D. MILLER,** | : |
| | : |
| **Petitioner** | : CIVIL NO. 1:CV-05-0524 |
| | : |
| v. | : (Judge Rambo) |
| | : |
| **RAYMOND COLLERAN,** *et al.,* | : |
| | : |
| **Respondents** | : |

## M E M O R A N D U M

Petitioner, Christopher D. Miller, initiated this *pro se* action with a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. Named as Respondents are Raymond Colleran and the Pennsylvania Attorney General. Petitioner alleges the following with respect to his state court trial: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; (3) excessive sentencing; and (4) obstruction of right of appeal. Respondents claim that Petitioner has failed to exhaust his state court remedies. The court agrees, and for the following reasons, the petition will be dismissed.

Under § 2254 (b)(1), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court **shall not be granted** unless it appears that—(A) the applicant has exhausted the remedies available in the

courts of the State." 28 U.S.C. § 2254(b)(1) (emphasis added). "An applicant shall not be deemed to have exhausted the remedies available in the court of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." *Id*. § 2254(c). It is well-settled that a state prisoner must present his federal constitutional issues to the highest court of the state before he can present the issues through federal habeas corpus. *Id*. § 2254(b), (c). A habeas corpus petitioner bears the burden of demonstrating that he or she has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).

In the response to the habeas petition, Respondents aver that Petitioner has a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA") pending in state court. Although Petitioner concedes that he has not completed exhaustion, he argues that exhaustion should be excused due to inordinate delay by the state courts. Although the Third Circuit has held that exhaustion may be excused by a showing of inordinate delay by the state in processing claims for relief, *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004), there is nothing in the record to indicate that Petitioner is suffering an inordinate delay to excuse exhaustion here. Instead, Petitioner appears to anticipate an inordinate delay, arguing that "[he] did not feel [the PCRA court] would act in a timely manner with respect to [his] PCRA petition." (Doc. 21 at 17.)

Petitioner's PCRA petition was filed on September 28, 2004, counsel has been appointed, and a hearing is scheduled for August 11, 2005.  (Doc. 17 at 2.)  This court concludes that exhaustion is not excused by a ten-month gap between filing the PCRA petition and the hearing.  Petitioner does not dispute his failure to exhaust state court remedies.  After review of the record, this court concludes that Petitioner has failed to exhaust his state court remedies and that such failure is not excused by inordinate delay.  Accordingly, the court must decline the review sought.  To do otherwise would frustrate the intent of the statutory scheme.  An appropriate order will issue.

        s/Sylvia H. Rambo
        SYLVIA H. RAMBO
        United States District Judge

Dated:  August 2, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTOPHER D. MILLER,** : | |
| : | |
| **Petitioner** : | **CIVIL NO. 1:CV-05-0524** |
| : | |
| **v.** : | **(Judge Rambo)** |
| : | |
| **RAYMOND COLLERAN,** *et al.,* : | |
| : | |
| **Respondents** : | |

## O R D E R

**AND NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1) The petition for writ of habeas corpus is **DISMISSED,** without prejudice, for failure to exhaust state remedies.

2) Petitioner's motion for production of documents (Doc. 24) is **DISMISSED** as moot.

3) The court declines to issue a certificate of appealability.

4) The Clerk of Court shall close the file.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: August 2, 2005.